1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM SOTO,                              No.  2:16-cv-2842 KJN P

12                  Plaintiff,

13          v.                                  ORDER TO SHOW CAUSE

14   YOLO COUNTY SUPERIOR COURT,

15                  Defendant.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Court records reflect that plaintiff has sustained three "strikes" under 28 U.S.C.

21   1915(g),and therefore must pay the court's filing fee in full before he may proceed in this civil

22   rights action.  See Soto v. Kolb, No. 09-1654 FCD CMK (E.D. Cal. Aug. 20, 2009).[1]  In Kolb,

23   plaintiff was informed that he could not simply pay the filing fee after being denied in forma

24   _____

25   [1]  In Kolb, the assigned magistrate judge found that plaintiff had filed at least three prior cases
     that were dismissed for failure to state a claim.  Id. (ECF No. 7 at 2), citing Soto v. California
26   Department of Corrections, No. CIV S-06-1476-LKK- DAD, Soto v. California Department of
     Corrections, No. CIV S-07-1908-FCD-EFB, and Soto v. Jordan, No. CIV S-08-2687-GGH.  On
27   November 24, 2009, in Kolb, the district court adopted the findings in full, and dismissed the
     action without prejudice to plaintiff re-filing the action along with payment of the court's filing
28   fee. Id.

1   pauperis status because he must pay the filing fee at the time he initiates the suit.  Kolb (ECF No.

2   7 at 3.)  Plaintiff has not alleged any facts which suggest that he is under imminent danger of

3   serious physical injury.

4          Moreover, the instant complaint fails to state a cognizable civil rights claim.  The court is

5   required to screen complaints brought by prisoners seeking relief against a governmental entity or

6   officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a

7   complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

8   malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

9   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10          Here, plaintiff names the Yolo County Superior Court as the only defendant, sets forth no

11   charging allegations or injury, and in his request for relief states simply, "case dismissed."  (ECF

12   No. 1 at 6.)

13          Because plaintiff included no specific factual allegations, the gravamen of his complaint is

14   unclear.  However, to the extent that plaintiff challenges an order issued by the Yolo County

15   Superior Court, this court lacks subject matter jurisdiction.  A federal district court does not have

16   jurisdiction to review errors in state court decisions in civil cases.  Dist. of Columbia Court of

17   Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415

18   (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of a

19   state court judgment or to scrutinize the state court's application of various rules and procedures

20   pertaining to the state case."  Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996),

21   aff'd, 129 F.3d 127 (9th Cir. 1997).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.

22   1995) (finding no subject matter jurisdiction over section 1983 claim seeking, *inter alia*, implicit

23   reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987)

24   (attacking state court judgment because substantive defense improper under Rooker-Feldman).

25   That the federal district court action alleges the state court's action was unconstitutional does not

26   change the rule.  Feldman, 460 U.S. at 486.

27          Absent additional factual allegations not present here, it does not appear that plaintiff can

28   amend his complaint to state a cognizable civil rights claim against the Yolo County Superior

1  Court.  Moreover, in light of the order finding that plaintiff is barred under 28 § 1915(g), plaintiff

2  may choose to voluntarily dismiss this action rather than incur the court's $400.00 filing fee,

3  particularly where his complaint is likely to be dismissed for lack of subject matter jurisdiction.

4       Accordingly, IT IS HEREBY ORDERED that plaintiff shall complete the attached notice

5  and show cause, within thirty days, why he should not be required to pay the court's filing fee

6  before this action proceeds.  In the alternative, plaintiff may opt to voluntarily dismiss this action.

7  Dated:  December 9, 2016

8

9                                          KENDALL J. NEWMAN

   soto2842.osc                                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM SOTO,                          No.  2:16-cv-2842 KJN P

12              Plaintiff,

13       v.                                 NOTICE OF RESPONSE TO COURT'S
                                            ORDER
14   YOLO COUNTY SUPERIOR COURT,

15              Defendant.

16

17       Plaintiff hereby submits the following in compliance with the court's order

18   filed_____.

19              _____   Response &payment of court's filing fee ($400.00)

20          Or

21              _____   Plaintiff opts to voluntarily dismiss this action.
     DATED:
22

23                                     _____
24                                     Plaintiff

25

26

27

28