UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO,  <br>            Plaintiff,  <br>     v.  <br>YOLO COUNTY SUPERIOR COURT,  <br>            Defendant. | No. 2:16-cv-2842 KJN P  <br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On December 9, 2016, plaintiff was ordered to show cause why he should not be required to pay the court's filing fee before this action proceeds, because plaintiff has sustained three "strikes" under 28 U.S.C. § 1915(g). (ECF No. 7.) In the alternative, plaintiff could voluntarily dismiss this action.

On December 22, 2016, plaintiff filed a response to the order show cause, electing to pay the filing fee. Because plaintiff has sustained three "strikes" under 28 U.S.C. § 1915(g), his motion to proceed in forma pauperis is denied, and he must pay the court's $400.00 filing fee in full before he may pursue a civil rights action. (ECF No. 7 at 1 n.1.)

////

In addition, plaintiff clarified that he seeks a court order allowing him to "pull [his] plea," claiming the "police lied at the time of the traffic stop, which violate[d] [his] Fourth Amendment [rights.]" (ECF No. 9 at 2.) Plaintiff now alleges that the police stated they had a warrant at the time of the traffic stop, but that the police used the marijuana found in plaintiff's car to get the warrant. Plaintiff adds that if he is "forced to pay the $400.00 filing fee, so be it." (ECF No. 9 at 2.)

Plaintiff's clarification makes clear that by this action he is attempting to challenge the fact of his criminal conviction. Such challenges must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254. Indeed, court records reflect that plaintiff previously raised this Fourth Amendment claim in Soto v. Warden, No. 2:11-cv-1652 JFM (E.D. Cal.). In Warden, plaintiff challenged his 2009 conviction in Yolo County, in a petition for writ of habeas corpus claiming that his Fourth Amendment rights were violated by a pretextual and warrantless traffic stop. Id., ECF No. 6 at 1. In light of Stone v. Powell, 428 U.S. 465 (1976), the court summarily denied the habeas petition, finding that:

> [i]t plainly appears from the petition that petitioner had an opportunity to litigate his Fourth Amendment claim in the state courts. See Petition at 4-5. For that reason, petitioner may not relitigate that claim in this federal habeas corpus action.

Warden, ECF No. 61 at 2. Thus, it would be futile to allow plaintiff to amend this action to file a petition for writ of habeas corpus.[1]

Moreover, it would be futile to allow him to amend the civil rights complaint. As set forth in the order to show cause, plaintiff's civil rights complaint fails to state a cognizable civil rights claim. Plaintiff named the Yolo County Superior Court as the only defendant, set forth no charging allegations or injury, and in his request for relief states simply, "case dismissed." (ECF No. 1 at 6.) Review of plaintiff's complaint, along with his response to the order to show cause, makes clear that plaintiff cannot amend to rectify the deficiencies of the claims he seeks to pursue

---

[1] In addition, plaintiff filed a second petition for writ of habeas in Soto v. Yolo County Superior Court, No. 2:16-cv-2850 AC (E.D. Cal.), which remains pending.

2

1 | in this action. Moreover, if plaintiff wishes to pursue allegations concerning the conditions of his
2 | confinement under 42 U.S.C. § 1983, he must submit the $400.00 filing fee. Although plaintiff
3 | elected to pay the $400.00 fee, he did not submit the filing fee with his response. Finally, if
4 | plaintiff wishes to file a civil rights complaint challenging the conditions of his current
5 | confinement in Kern Valley State Prison, such complaint must be filed in the Fresno Division of
6 | the Eastern District of California. For all of these reasons, the undersigned finds it would be
7 | futile to allow plaintiff to file an amended complaint.
8 |     Accordingly, IT IS HEREBY ORDERED that:
9 |     1. Plaintiff's motion to proceed in forma pauperis is denied because he has sustained
10 | three "strikes" under 28 U.S.C. §1915(g); and
11 |     2. This action is dismissed without prejudice.
12 | Dated: January 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

oto2842.dm